NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0183n.06

No. 22-3425

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| | | **FILED** |
| | | Apr 21, 2023 |
| | | DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DEMETRIUS THOMPSON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

---

Before: SILER, KETHLEDGE, and WHITE, Circuit Judges.

KETHLEDGE, Circuit Judge. Demetrius Thompson pled guilty to two drug offenses, and the district court sentenced him to 170 months' imprisonment. He now argues that we should vacate his guilty plea because, he says, his trial counsel was constitutionally ineffective and the court failed to comply with Rule 11 during his plea hearing. We reject his arguments and affirm.

In 2019, a grand jury indicted Thompson on one count of attempted possession with intent to distribute controlled substances and one count of possession with intent to do the same, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The parties began negotiating a plea agreement but were unsure whether Thompson would qualify as a career offender. The probation office then filed, on Thompson's request, a pre-plea criminal history report opining that Thompson was a career offender and that, "therefore, the criminal-history category is VI." *See* R.16.

The district court thereafter held a plea hearing (albeit remotely), during which Thompson acknowledged that he qualified as a career offender. The court stated that it would determine Thompson's criminal-history category at sentencing, which Thompson likewise acknowledged.

The probation office later filed a presentence report in which it again concluded that Thompson was a career offender with a criminal-history category of VI. Thompson offered no objection to any of the report's conclusions before or during his sentencing hearing. At sentencing, the government moved for a four-level downward departure, which the court granted. That left Thompson with a guidelines range of 168 to 210 months. The court imposed a sentence of 170 months. Again Thompson did not object.

Thompson now argues that his trial counsel provided ineffective assistance with respect to his guilty plea. Typically we adjudicate claims of ineffective assistance by trial counsel in a § 2255 motion—because that allows for development of a fuller record as to the claim—rather than on direct appeal. *See United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). Thompson offers no reason for us to depart from that practice here, so we decline to adjudicate that claim.

Thompson separately argues that the district court failed to comply with Criminal Rule 11 during his plea hearing. Specifically, Thompson seems to assert he was unaware of the likely consequences of his guilty plea because, he says, the district court did not explain to him that his criminal-history category would be VI. Thompson made no such argument to the district court, so we review only for plain error. *United States v. Pitts*, 997 F.3d 688, 701 (6th Cir. 2021). We see none here: the probation office's report before the plea hearing stated (correctly) that Thompson's criminal-history category would be VI; and Thompson does not even assert that he

would not have pled guilty absent the putative omission he complains about here. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). We therefore reject this claim.

The district court's judgment is affirmed.